```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
CRAIG SKIPPER,                       :

     Petitioner,                     :

vs.                                  :   CIVIL ACTION 09-00324-CG-B

GARY HETZEL,                         :

     Respondent.                     :
```

## REPORT AND RECOMMENDATION

Petitioner, an inmate housed at Donaldson Correctional Facility, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges the constitutionality of his robbery conviction and sentence in the Circuit Court of Houston County. Respondent Gary Hetzel has filed a Motion to Transfer (Doc. 7), wherein he argues that this Court lacks jurisdiction to entertain Petitioner's petition, and that the petition should be transferred to either the Middle District of Alabama, which is where the Circuit Court of Houston County is located, or to the Northern District of Alabama, which is where Donaldson Correctional Facility is located. For the reasons set forth below, the Court recommends that Respondent's Motion to Transfer be GRANTED.

As indicated above, Petitioner was convicted in the Middle District of Alabama and is presently incarcerated in the Northern District; thus, this Court is not the proper venue for this action.

Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 497-501, 93 S. Ct. 1123, 1131-32, 35 L. Ed.2d 443 (1973).  However, this Court may, "in the interest of justice," transfer this action pursuant to 28 U.S.C. § 2241(d). Dobard v. Johnson, 749 F. 2d 1503, 1506-08 (11th Cir. 1985); see Naum v. Brown, 604 F. Supp. 1186, 188 (E.D.N.Y. 1985)(transferring pursuant to 28 U.S.C. § 1406 to court where jurisdiction was proper because the petitioner was a prisoner and a pauper).  Inasmuch as the Middle District of Alabama is where Petitioner's conviction and sentence arose, and due to the one year statute of limitations requiring that § 2254 petitions be filed within one year of the conclusion of the State's review of a prisoner's conviction, 28 U.S.C. § 2244(d), it is recommended that, in the "interest of justice," this action be transferred to the United States District Court for the Middle District of Alabama for further proceedings.[1]  Braden, 410 U.S. at 497 ("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."). Accordingly, the undersigned recommends that Respondent's Motion to Transfer be GRANTED.

The attached sheet contains important information regarding

---

[1] Under 28 U.S.C. § 2241(d), this action could have been originally brought in either the Middle or the Northern Districts of Alabama. This Court selects the former since it is where Petitioner was convicted.

objections to the report and recommendation of the Magistrate Judge.

**DONE** this **12th** day of **August, 2009.**

>        /s/ SONJA F. BIVINS
>      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

       A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.